IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

V.  Case No. 4:24-po-00016 JJV

DAVID DAWS

### ORDER

Before the Court is a Motion to Dismiss filed, through counsel, on behalf of Defendant, David Daws. (Docs. No. 25-26.) The United States has responded. (Doc. No. 29.) After careful consideration of the pleadings, for the following reasons, I find the Motion should be DENIED at this time.

As an initial matter, I find that Defendant's reliance on Rules 12 and 47 of the Federal Rules of Criminal Procedure is misplaced. I find no basis to grant the Motion based on either Rule. *See* Fed.R.Crim.P. 12(b)(3) & 47.

Additionally, Defendant's Motion is premature. At this stage, Defendant rests on presumption of innocence. *Taylor v. Kentucky*, 436 U.S. 478 (1978). And, as the United States correctly asserts, at this stage, their burden only requires probable cause to establish a violation exists. Fed.R.Crim.P. 4. So, this case is properly before the Court awaiting trial.

Moreover, for the Court to rule in Defendant's favor, I would necessarily have to believe the *facts* they submit in their Motion. Consideration of facts is not a matter to be adjudicated by motion, but a matter for trial.

Lastly, I disagree with Defendant's reliance upon *Sandstrom v. Montana*, 442 U.S. 510 (1979). The *Sandstrom* case involved a jury instruction binding the fact finder to presume certain facts under the law. Such is not the case here.

Accordingly, Defendant's Motion is denied. Defendant is free to renew some or all of these arguments at the conclusion of the prosecution's case. But, for now, the matter will proceed to trial on March 11, 2025.

IT IS SO ORDERED this 11th day of February 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE